William F. **SANDERS**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 379S61.

Supreme Court of Indiana.

March 21, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the summary denial of a petition for post-conviction relief. Appellant filed his verified petition on his own behalf and stated in it that he had no funds with which to employ counsel and affixed an affidavit of indigency to the petition as well. On the date of filing the trial court summarily denied the petition on its merits pursuant to Ind.R.P.C. 1, § 4(e), which permits a summary denial where the pleadings conclusively show that the petitioner is entitled to no relief. Appellant contends that the trial court committed er-

ror in doing so without first referring his petition to the State Public Defender as required by Ind.R.P.C. 1, § 2.

■ Indiana R.P.C. 1, § 2, provides in pertinent part:

"If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis and order a copy of the petition sent to the Public Defender's Office."

Indiana R.P.C. 1, § 9(a), provides that:

"Upon receiving a copy of the petition, including an affidavit of indigency, from the clerk of the court, the Public Defender shall serve as counsel for petitioner

. . . .

\*    \*    \*    \*    \*    \*

"Counsel shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition."

Indiana R.P.C. 1, § 3, provides in part:

"The petition shall be made under oath and the petitioner shall verify . . . the fact that he has included every ground for relief under Sec. 1 known to the petitioner."

Indiana R.P.C. 1, § 8, provides in part:

"All grounds for relief available to a petitioner under this rule must be raised in his original petition."

The purpose of the rule requiring the trial court to refer self-generated petitions to the Public Defender is twofold. First, it provides the indigent petitioner with counsel thereby facilitating the orderly and coherent prosecution of the claim through the trial and appeal courts. Secondly, it insures that the petition will be presented in the form required by the rule which in turn effectively implements the underlying policy which is to limit the number of post-conviction petitions so far as constitutionally permissible by requiring all known and felt grievances to be aired in the original or first petition. The referral requirement of

the rule has considerable importance to the inmate as well as to the courts.

This Court considered a similar case recently and concluded that the failure of the trial court to refer a petition to the public defender warranted a reversal and remand for compliance with the rule. *Ferrier v. State*, (1979) Ind., 385 N.E.2d 422. In that case we noted that the petitioner made an express request for the aid of the Public Defender and made proof of indigency. In the present case there is clear proof of indigency, but no express request for the appointment of the Public Defender. The absence of this element does not distinguish this case from *Ferrier*. The language of Ind.R.P.C. 1, § 2, is clear and requires referral of a copy of the petition to the Public Defender if the petitioner is indigent. There is no requirement in the rule that an express request for referral be made. To interpret the rule to require such an express request in every case would be again to frustrate the dual purposes underlying the referral requirement.

The State responds that the trial court's non-compliance with the referral requirement is permitted by Ind.R.P.C. 1, § 4(e), pursuant to which it summarily denied appellant's petition. That section provides:

"(e) If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

The judicial act of referral is not part of "further proceedings" which may be dispensed with. Such judicial act, if otherwise appropriate, is to take place before consideration of the pleadings as the purpose of the referral is to facilitate the amendment of the petition so as to include in it all arguable claims. If followed, the interpretation posed by the State would frustrate this important goal.

■ Basing its contention upon Ind.R. Ap.P. 4(A)(7), the State next contends that this appeal should be dismissed because the record before us is defective in that it does not contain a record of the original judgment of conviction. Such rule provides:

"(A) Appeals may be taken by either party from all final judgments of Circuit, Superior, Probate, Criminal, Juvenile, County, and where provided by statute for Municipal Courts. A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom. The Supreme Court shall have exclusive jurisdiction of:

\*     \*     \*     \*     \*     \*

(7) Appeals in criminal cases from judgments (sentences) imposing a sentence of death, life imprisonment or a minimum sentence of greater than ten [10] years. If the appeal is from the denial of post-conviction relief, jurisdiction shall be determined by reference to the sentence originally imposed."

The division of jurisdiction between this Court and the Court of Appeals in post-conviction appeals is based upon the sentence originally imposed. In the absence of knowledge of such sentence, this Court could not discern which of the two courts had jurisdiction of the case. The inclusion of a copy of such original judgment in the record would be one good way of supporting the appellate court's jurisdiction. In this case we have the jurisdictional statement in appellant's brief which makes express reference to appellant's original sentence as being a life sentence, and appellant's verified statements in his petition in the record that he received a life sentence. For the purposes of Ind.R.Ap.P. 4(A)(7), this record is sufficient in the absence of a specific claim by the State that jurisdiction resides in the Court of Appeals.

*Ferrier* controls here, and upon its authority we reverse the post-conviction judgment and remand to the trial court for referral to the State Public Defender, for amendment of the petition if requested, and an evidentiary hearing, if thereafter warranted.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.