**Robert L. ROBINSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 481S110.**

Supreme Court of Indiana.

July 20, 1982.

Rehearing Denied Sept. 27, 1982.

Harriette Bailey Conn, Public Defender, Robert Hendren, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant, Robert Robinson, entered a guilty plea to murder on July 25, 1978. He was sentenced to thirty (30) years imprisonment. A hearing was held on defendant's motion for post-conviction relief under Ind.R.P.C. 1 on November 18, 1980. This motion was denied later that month and the present appeal follows.

The only error asserted in the denial of post-conviction relief is that the trial judge did not explain to defendant the elements of the crime of murder and that if the trial court had explained the elements to defendant then he would have understood that voluntary intoxication would be a defense to the crime and would not have pled guilty.

Defendant did not testify before the trial court at the post-conviction hearing. The only evidence presented was a transcript of the guilty plea entry which counsel argued was demonstrative of the fact that the court did not instruct the defendant as to the elements of the crime of murder and therefore required the setting aside of the guilty plea and sentencing and the granting of a new trial to appellant.

The burden of proof in a post-conviction hearing is on the petitioner to establish grounds for relief by a preponderance of the evidence. *Herman v. State,* (1979) Ind., 395 N.E.2d 249, 252; *Lenoir v. State,* (1977) 267 Ind. 212, 213, 368 N.E.2d 1356, 1357. The trial court is the trier of fact and sole judge of the weight of the evidence and credibility of the witnesses. A judgment of the trial court will not be disturbed unless the evidence is without conflict and leads inescapably to a conclusion which is contrary to that reached by the trial court. *Herman, supra; Perkins v. State,* (1975) 263 Ind. 270, 271, 329 N.E.2d 572, 573.

There was no evidence presented to the trial court except the transcript of the guilty plea hearing. Neither defendant nor anyone else testified nor offered any evidence that defendant was, in fact, misled, misunderstood or acted to his prejudice because of a lack of knowledge of his rights. The transcript shows that there was a lengthy discussion between the judge, defendant, defendant's attorney, and the prosecutor at the entry of the guilty plea. The trial judge clearly and in detail explained all of defendant's constitutional rights to him, which complies with our statute, Ind. Code § 35–4.1–1–3 (Burns Repl.1979) and the mandate of the United States Supreme Court in *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. On questioning from the trial judge and his own attorney, defendant stated he was well aware of the charges brought against him and of the rights he was waiving by entering the guilty plea. He told the judge he had admitted to the police he committed this crime because he had remorse for it and wanted to get it off his chest. He said he knew he had to serve some time in prison and felt it was justified that he spend thirty years in prison to pay his debt to society. In response to questions from his attorney, defendant stated that he had been drinking the day of the murder and felt he was drunk but he was also aware that witnesses at the scene would testify that he was not so intoxicated that he did not understand what he was doing. Defense attorney also stated that he looked in vain for a witness to testify to defendant's drinking habits but defendant admitted that there was not anything he wanted done that his attorney had not already done for him. The defendant was willing to plead guilty to receive a thirty-year sentence and have the robbery charge dismissed. He also gave a detailed account of the murder of the taxicab driver and said he shot the driver in the back because he saw him lean forward and reach for something. He later realized that apparently the driver was reaching for his radio microphone but feared at the time that he was reaching for a weapon.

The record clearly shows that the court thoroughly questioned the defendant and his attorney to determine that he fully understood the charges against him, his constitutional rights and the provisions of the plea agreement he entered into. It appears that he was aware of the defense of intoxication but determined that it would be unsuccessful at trial. He was also aware that on trial he was risking a far heavier penalty than thirty years, which was the minimum penalty that could be assessed for this crime, and further, would face a conviction for robbery. The trial court properly found that the defendant presented no evidence to support his post-conviction relief petition that warranted the setting aside of his guilty plea and sentencing.

Therefore, finding that the petition has failed to establish grounds for relief by a preponderance of the evidence, we affirm the judgment of the trial court.

GIVAN, C. J., and PRENTICE, J., concur.

HUNTER, J., dissents with separate opinion in which DeBRULER, J., concurs.

HUNTER, Justice, dissenting.

I must respectfully dissent from the majority opinion. As the majority explains, the defendant was fully advised at the guilty plea hearing of the various constitutional rights enumerated in Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.). That is not at issue, however.

Pursuant to subsection "a" of Ind.Code § 35–4.1–1–3, *supra*, the trial court also has the affirmative duty—prior to accepting a guilty plea—to determine that a defendant "understands the nature of the charge against him." *Id.* Interspersed with the majority's repeated statements that defendant was fully advised of his constitutional rights are the majority's assertions that "On questioning from the trial judge and his attorney, defendant stated he was well aware of the charges brought against him ..." and that "The record clearly shows that the court thoroughly questioned the defendant and his attorney to determine that he fully understood the charges brought against him ...." *See Majority Opinion, supra.*

In fact, the record unequivocally reveals that the question whether defendant understood the nature of the charge against him was never touched upon in the course of the guilty plea hearing. Defendant was never asked whether he understood the nature of the crime charged against him; the record reveals the elements of the offense were never explained to him.

There is nothing in the record to support the majority's characterization of the events which transpired at the guilty plea hearing, insofar as defendant's understanding of the offense is concerned. Nor does the negotiated plea agreement contain any enunciation of the elements which compose the offense or an expression by defendant that he understood the nature of the charge against him.

Since time immemorial a plea of guilt has been recognized as an extra-judicial confession. As a confession of guilt which carries with it the abandonment of the right to a trial by jury and an extended deprivation of liberty, it has been repeatedly emphasized that the entry of a guilty plea demands the "utmost solicitude" from the court accepting the plea. *Boykin v. Alabama*, (1969) 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 280. *See also, Brady v. United States*, (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Turman v. State*, (1979) Ind., 392 N.E.2d 483 (Givan, C. J., and Pivarnik, J., dissenting).

In *Henderson v. Morgan*, (1976) 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108, as relied on by defendant, our United States Supreme Court reversed the entry of a guilty plea for the reason that the defendant had not been advised of the elements of murder prior to the acceptance of his plea. The Court's ruling was expressly predicated on the fact that defendant's own testimony cast doubt upon whether he possessed the intent to kill the victim. Inasmuch as defendant had not been informed that the intent to kill was necessary to sustain a conviction for murder, the Court concluded that the plea of guilt was not voluntary. For the Court, Justice Stevens continued:

"There is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had the requisite intent. Defense counsel did not purport to stipulate to that fact; they did not explain to him that his plea would be an admission of that fact; and he made no factual statement or admission necessarily implying that he had such intent. In these circumstances it is impossible to conclude that his plea to the unexplained charge of second-degree murder was voluntary." *Id.*, 426 U.S. at 646, 96 S.Ct. at 2258, 49 L.Ed.2d at 115.

As in *Henderson*, doubt as to the mental state of the defendant is reflected in the record. As the majority explains, defendant not only testified he was drunk at the time of the shooting, but also that he acted in fear for his own safety. Unlike *DeVillez v. State*, (1981) Ind., 416 N.E.2d 846 and *Vertner v. State*, (1980) Ind., 400 N.E.2d 134, where this Court unanimously distinguished *Henderson*, we do not confront here an unequivocal admission of each element

of the crime. An issue as to defendant's mental state and intent existed; pursuant to *Henderson* and Ind.Code § 35–4.1–1–3, *supra,* defendant should be permitted to withdraw his plea.

The trial court's error cannot be cured by utilizing the fact that defendant felt remorse; his feelings about the shooting do not establish his guilt of murder, as opposed to the lesser offenses of voluntary or involuntary manslaughter. Nor can this Court properly base its conclusion on the supposition that it "appears" that defendant was aware of the intoxication defense and had concluded that it would not be successful at trial. These are precisely the dubious after-the-fact determinations eschewed in *Boykin* and sought to be eliminated by our legislature's enactment of Ind.Code § 35–4.1–1–3, *supra.*

In *Turman v. State, supra,* the majority of this Court held that the record of the guilty plea hearing must provide a sufficient basis for the conclusion that "the defendant was meaningfully informed of the rights and law detailed in West's Ann.Ind. Code § 35–4.1–1–3 (1978)." *Id.,* 392 N.E.2d at 485. Defendant has provided us with a record which reveals just the contrary. In the context of the instant case, he has satisfied his burden of proof, for as in *Henderson,* there is nothing in the record to serve as an adequate substitute for the trial court's error.

The majority, in refusing to address the applicability of *Henderson,* has contravened that decision of the United States Supreme Court, as well as our legislature's mandate in Ind.Code § 35–4.1–1–3(a), *supra,* and this Court's decision in *Turman v. State, supra.* The trial court's denial of post-conviction relief should be reversed, the defendant should be permitted to withdraw his guilty plea, and the cause should be remanded for further proceedings.

I dissent.

DeBRULER, J., concurs.