Robert L. ROBINSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 785S288.

Supreme Court of Indiana.

May 28, 1986.

Susan K. Carpenter, Public Defender, and Joan Stringer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

On July 25, 1978, appellant entered a plea of guilty to Murder and was sentenced to thirty (30) years imprisonment.

A hearing was held on appellant's Petition for Post-Conviction Relief on November 18, 1980. Denial of relief was affirmed in *Robinson v. State* (1982), Ind., 437 N.E.2d 73. Appellant then filed his second *pro se* petition on February 19, 1985, alleging ineffectiveness of counsel in prior post-conviction proceedings. Appellant attached an Affidavit of Indigency to his petition and requested the assistance of the Public Defender. The trial court summarily denied appellant's petition on February 21, 1985. The Office of the State Public Defender did not receive a copy of appellant's petition or motion to correct error until after both had been denied.

Appellant contends the trial court erred by failing to make findings of fact and conclusions of law, as required by Ind.R.P. C.R. 1, § 6.

The trial court is required, in a post-conviction proceeding, to make specific findings of fact and conclusions of law sufficient to enable the reviewing court to dispose of the issues on appeal. *Taylor v. State* (1985), Ind., 472 N.E.2d 891; *Kruckeberg v. State* (1984), Ind., 465 N.E.2d 1126.

While the order of the judge at the post-conviction hearing was general in nature and lacked specificity, we do not find the defects warrant a remand for more specific findings. The facts underlying appellant's claims are not in dispute and the issues are sufficiently presented for review. *See Lowe v. State* (1983), Ind., 455 N.E.2d 1126; *Sims v. State* (1981), Ind. App., 422 N.E.2d 436.

Appellant next contends the trial court erred by failing to refer appellant's second *pro se* Petition for Post-Conviction Relief, with Affidavit of Indigency attached, to the Public Defender for representation as required by Ind.R.P.C.R. 1, § 2.

Ind.R.P.C.R. 1, § 2 requires a referral of a copy of the petition to the Public Defender if the appellant is indigent. *Sanders v. State* (1980), 273 Ind. 30, 401 N.E.2d 694; *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422.

■ The above requirement does not apply to appellant's second petition. Under Ind.R.P.C.R. 1, § 4(e), it is within the discretion of the trial court to summarily deny a second petition if it finds that it raises the same issues as the first petition and the pleadings conclusively demonstrate that appellant is entitled to no relief. We conclude the trial court did not err by failing to refer appellant's second petition to the Public Defender.

Appellant next contends that the trial court erred in denying his Petition for Post-Conviction Relief without an evidentiary hearing as required by Ind.R.P.C.R. 1, § 4(f). He maintains prior counsel failed to present all available grounds for post-conviction relief.

■ An evidentiary hearing is required when an issue of material fact is raised even if it is unlikely that petitioner will produce evidence sufficient to establish his claim. *Albright v. State* (1984), Ind., 463 N.E.2d 270; *Bailey v. State* (1983), Ind., 447 N.E.2d 1088. However, when the petition conclusively demonstrates that petitioner is entitled to no relief, a hearing on the matter is unnecessary and the petition may be denied without further proceedings. *Colvin v. State* (1982), Ind., 441 N.E.2d 1353; *Baker v. State* (1976), 265 Ind. 411, 355 N.E.2d 251; *See* Ind.R.P.C.R. 1, § 4(e).

■ Appellant's contention is governed by the two-step test articulated by the Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. Under the first step, appellant must demonstrate that counsel's actions or inactions fell outside the wide range of reasonable professional assistance. *Lawrence, supra.* Under the second step he must show counsel's errors had an adverse effect upon the judgment.

■ A deficient showing on either component is fatal to an appellant's claim. *Williams v. State* (1986), Ind.App., 489 N.E.2d 594. For purposes of post-conviction relief, there is a strong presumption of adequate legal assistance. *Whitlock v. State* (1983), Ind., 456 N.E.2d 717. Counsel will not be deemed ineffective by failing to present meritless claims or defenses. *Hill v. State* (1984), Ind., 462 N.E.2d 1048.

■ We find that appellant has failed to satisfy either component of the test. Appellant did not allege any facts in his petition to support the claim of ineffectiveness of counsel. Moreover, he did not specifically raise and argue this issue in his brief on post-conviction appeal as required by Ind.R.App.P. 8.3(A)(3) and (7). This Court will not review an issue that is not specifically raised and argued in the brief on post-conviction appeal. *Dixon v. State* (1984), Ind., 470 N.E.2d 728. We hold the trial court did not abuse its discretion by denying appellant's petition without an evidentiary hearing.

Appellant further contends his guilty plea was not made knowingly and intelligently as required by Ind.Code § 35–4.1–1–3 (recodified as Ind.Code § 35–35–1–2).

■ In a post-conviction hearing, the burden is on the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C.R. 1, § 5; *Robinson v. State* (1982), Ind., 437 N.E.2d 73. A judgment of the trial court will not be disturbed unless the evidence is without conflict and leads unmistakably to a conclusion which is contrary to that reached by the trial court. *Id.*

In appellant's prior appeal, *Robinson, supra,* he asserted that the trial judge did not explain the elements of the crime of murder to him and that if he had done so,

appellant would have understood that voluntary intoxication would be a defense to the crime and would not have pled guilty. This Court, in affirming the judgment of the trial court, found that the trial judge thoroughly questioned appellant to determine he fully understood the charges against him, his constitutional rights and the provisions of his guilty plea agreement. *Id.* at 74. The trial court properly found that appellant presented no evidence that warranted the setting aside of his guilty plea. *Id.*

We conclude that the issue of whether appellant's guilty plea was made knowingly and intentionally was raised in his first petition for post-conviction relief and therefore it cannot be raised in the second petition.

The trial court is affirmed.

All Justices concur.