**Stanford FORTSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1185S452.**

Supreme Court of Indiana.

Aug. 7, 1987.

---

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal following denial of appellant's *pro se* petition for post-conviction relief. The only issue raised is the propriety of the trial court's summary denial of the petition.

Appellant filed his *pro se* petition on September 14, 1984. The State filed its response to the petition five days later. Appellant filed his *pro se* traverse on September 24, 1984 and the next day the State filed its supplemental response. The public defender entered her appearance on October 5, 1984 and the trial court summarily denied the petition for post-conviction relief on January 10, 1985.

Appellant contends that the summary denial by the trial court, three months after counsel entered her appearance, denied him his right to meaningful assistance of counsel. Attached to the motion to correct error is an affidavit from the public defender who was assigned appellant's case. In that affidavit she states that she was responsible for approximately 100 cases and that since the policy of the public defender's office was to take the cases on a first come, first serve basis, she had no opportunity to review appellant's case for possible amendment of the petition.

While we have recognized that summary denial of a *pro se* petition for post-conviction relief is inappropriate when the petition is not referred to the public defender's office, *Sanders v. State* (1980), 273 Ind. 30, 401 N.E.2d 694, *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422; or when it is denied less than one month after filing, *Bailey v. State* (1983), Ind., 447 N.E.2d 1088, there are circumstances present here which support the trial court's decision to exercise its authority to summarily deny the petition.

The trial judge denied the petition pursuant to Rule PC 1, Sec. 4(e) which reads:

"If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

Rule PC 1, Sec. 4(f) further provides:

"The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings.... that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

The prosecutor in the case before us filed two responsive pleadings in conjunction with appellant's filing of his *pro se* petition for post-conviction relief. In each of these pleadings the prosecutor rebutted the allegations contained in appellant's petition and specifically requested, in each pleading, "that the Petition for Post-Conviction Relief be denied, without hearing". Appellant's *pro se* traverse made specific complaint concerning the prosecutor's request for dismissal of the petition without a hearing. We must assume that the public defender was aware of these pleadings.

While recognizing that the public defender's office has a substantial case load and that delays may be inevitable due to the volume of cases for which they have responsibility, we find that there was no error in the trial court's summary dismissal of this action.

There are two considerations bearing upon the issue. The first is that the responsive pleadings of the prosecution in this case specifically request that the petition be denied without a hearing. This was sufficient to alert the public defender that summary denial had been requested and that it was imminently possible. Moreover, appellant was personally aware of this possibility, since he had included complaint about it in one of his own pleadings. Some action on the part of the public defender was required to prevent the summary denial of appellant's *pro se* petition for post-conviction relief. Had the trial judge been made aware that a three month period would not allow sufficient time for review of appellant's case and possible amendment of the petition, summary denial could have been avoided.

The second consideration revolves around appellant's decision to file his post-conviction petition without counsel. The filing of the *pro se* petition commands the immediate attention of the public defender to the benefit of the prisoner. At the same

time filing carries with it natural adverse consequences in that it starts the time restrictions of the rule running, thereby limiting the time available to the public defender to consider potential claims, and in that it causes the public defender to remake schedules governing the expenditure of lawyer time. The limitation upon time caused by filing *pro se* was present in this case and played a part in the limited response from finite public defender resources.

Consequently, it was not error for the trial court to deny the petition four months after it was filed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.