**Wallace A. HOWARD, Jr., Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 02A03–9007–PC–315.

Court of Appeals of Indiana, Third District.

March 12, 1991.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McClean, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Wallace Howard, Jr. appeals the denial of his *pro se* petition for post-conviction relief. He presents us with the sole issue of whether the trial court erred in summarily denying his petition without ordering a copy sent to the Public Defender's office.

1. IC 35–43–2–1.

2. IC 35–43–4–2.

Reversed and remanded for compliance with Indiana Rules of Procedure, Post–Conviction Rule 1 § 2.

On April 20, 1989, Howard pled guilty to the offenses of Burglary [1] and Receiving Stolen Property,[2] for which he received sentences of eight years and four years, respectively.

On August 24, 1989, Howard filed a *pro se* Petition for Post–Conviction Relief, stating, *inter alia:*

> "The Petitioner does'not [sic] wish the services of the Public Defender's Office at this time. However., [sic], petitioner would want to retain this right if determined he can'not [sic] adequately proceed PRO–SE in this cause of action. The Petitioner will complete the Affidavit of Indigence."

*Record,* p. 4. Howard's petition also stated that he was unable to adequately support certain claims without previously requested transcripts.[3] Attached to Howard's petition was a certified Affidavit of Indigency.

On August 25, 1989, the post-conviction court denied Howard's petition by making the following record entry: "Defendant's pro se Petition for PCR is now by the court denied. Court finds said petition presents no issues of fact on law that have merit to require hearing." *Record,* p. 6. No copy of Howard's petition was forwarded to the Office of the State Public Defender.

Howard asserts that he was denied due process of law by the court's failure to comply with P.C.R. 1 § 2 which provides in pertinent part:

> "The clerk shall docket the petition upon its receipt and deliver a copy to the prosecuting attorney of that judicial circuit. If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis and order a copy of the petition sent to the Public Defender's Office."

3. Howard failed to timely file his praecipe in accordance with Indiana Rules of Procedure, Appellate Rule 2.

Howard additionally argues that the failure of the court to forward a copy of his petition to the Public Defender's Office deprived him of the opportunity to confer with counsel provided for by P.C.R. 1 § 9(a):

.    .    .    .    .

"Counsel shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition."

Howard contends that he was prejudiced by the lack of opportunity to confer with counsel and consider appropriate amendments, as P.C.R. 1 § 8 requires that all grounds for relief available to a petitioner must be raised in his original petition.

In *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422, our supreme court concluded that the failure of a trial court to refer a petition to the public defender upon request and proper proof of indigency warranted reversal and remand for compliance with the post-conviction rule. In *Sanders v. State* (1980), 273 Ind. 30, 401 N.E.2d 694, the court held that the express requirement of P.C.R. 1 was not dependent upon a request by the petitioner, stating:

"In the present case there is clear proof of indigency, but no express request for the appointment of the Public Defender. The absence of this element does not distinguish this case from *Ferrier*. The language of Ind. R.P.C. 1, § 2, is clear and requires referral of a copy of the petition to the Public Defender if the petitioner is indigent. There is no requirement in the rule that an express request for referral be made. To interpret the rule to require such an express request in every case would be gain to frustrate the dual purposes underlying the referral requirement." [4]

*Id.* 401 N.E.2d at 696.

The State argues that P.C.R. 1, § 2 should not apply in Howard's case, as he expressed a desire to proceed without the services of the Public Defender's Office.

A petitioner retains the right to proceed *pro se* at his election. P.C.R. 1, § 9(a). However, Howard's request to proceed *pro se* was conditioned upon his ability to adequately represent himself. He clearly stated his intention to reserve his right (as an indigent) to public representation if his *pro se* efforts proved deficient.

Additionally, reversal is supported by the summary dismissal of Howard's petition *one day* after its filing. In *Gann v. State* (1990), Ind.App., 550 N.E.2d 803, the court concluded that a summary dismissal of a petition for post-conviction relief one day after its filing precluded any meaningful assistance of counsel and warranted reversal.

We conclude that Howard was denied the assistance of counsel when the trial court failed to afford him an opportunity to confer with a public defender, as contemplated by the Indiana Rules of Post Conviction Relief.

Reversed and remanded.

GARRARD and CHEZEM, JJ., concur.

---

**4.** The purposes identified in *Sanders* were (1) to provide indigent petitioners with representation and (2) to prevent multiple petitions.
and (2) to prevent multiple petitions.