Wallace A. HOWARD, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 02S03–9108–PC–632.

Supreme Court of Indiana.

Aug. 16, 1991.

Susan K. Carpenter, Public Defender John A. England Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McClean, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

The Court of Appeals, in an opinion reported at 567 N.E.2d 844, reversed denial of appellant's *pro se* post-conviction relief petition. The State requests transfer. We accept transfer and vacate the opinion of the Court of Appeals. The sole issue addressed by this case is whether the trial court erred in summarily denying Howard's *pro se* petition without first ordering that a copy be sent to the Public Defender's office.

On April 20, 1989, Howard pled guilty to offenses of burglary and receiving stolen property. In August of that same year, Howard filed a *pro se* petition for post-conviction relief stating:

> The Petitioner does'not [sic] wish the services of the Public Defender's Office at this time. However., [sic], petitioner would want to retain this right if determined he can'not [sic] adequately proceed PRO–SE in this cause of action. The Petitioner will complete the Affidavit of Indigence.

*Howard,* 567 N.E.2d at 844. Howard's petition consisted primarily of various allegations, including that the petitioner failed to knowingly and intelligently enter into a plea agreement, that his conviction and sentence violated U.S. and Indiana constitutional law, that the petitioner received ineffective assistance of counsel, and that previously unheard evidence existed that required that the sentence be vacated. Petitioner asserted that he could not state facts in support of these allegations, however, until he was supplied with the requested transcripts of the proceedings.

■ The post-conviction court denied Howard's petition, finding that the "petition presents no issues of fact on [sic] law that have merit to require hearing." The court did not forward Howard's petition to the State Public Defender's office. Howard asserts that he was denied due process of law because this failure to forward his petition consequently deprived him of the opportunity to confer with counsel. We disagree.

■ Where, as here, the petitioner has expressly decided to proceed *pro se*, there is no requirement that his petition be sent to the State Public Defender. Howard argues that in his *pro se* petition he expressly reserved the right to representation by the State Public Defender's office if it were determined that he could not adequately proceed alone. This places the trial court judge in the untenable position of not only ruling on the merits of the petition but, simultaneously, monitoring the petitioner's abilities to represent himself and informing him when it is time to demand his right to state-provided representation. We will not allow the trial judge to be so placed. Petitioner had a choice to either proceed *pro se* or to request the services of the public defender. He chose to institute *pro se* proceedings. He cannot now demand that the trial court act as lifeguard and rescue him because, in hindsight, he believes that he made an incorrect choice.

This case can be distinguished from our earlier decisions in *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422, and *Sanders v. State* (1980), 273 Ind. 30, 401 N.E.2d 694. In *Ferrier* the defendant requested counsel. Here, Howard expressly waived his right to appointed counsel in his *pro se* application. In *Sanders* the defendant did not make a specific request for representation but he did complete and submit the form necessary to make a showing of indigency. Howard did not complete the required form but, instead, said that he would do so *if and when* it was determined that he was unable to continue his self representation.

Post Conviction Rule 1 § 2 clearly states that:

> If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. ... If the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office.

Howard intentionally did not file the affidavit required to allow the judge to make a determination of indigency. He did not request representation. The trial court judge was not required to send a copy of the petition to the Public Defender's office.

Howard additionally contends that the trial court erred in the manner utilized to decide the petition, i.e., summary dismissal. His contention is not well-founded. A post-conviction court is permitted to summarily deny a petition for relief if the pleadings and the record conclusively demonstrate that there is no genuine issue of material fact and the petitioner is entitled to no relief. P.C.R. 1 § 4(g). Such was the case here. The trial court was able to read the petition as well as consult the record and determine that there was no factual issue in dispute. Having made that determination, summary denial of a petition for post-conviction relief was proper.

The Court of Appeals' decision is vacated and the decision of the trial court is hereby reinstated.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.