Steven E. BARCLAY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 30A04–9607–PC–279.

Court of Appeals of Indiana.

April 28, 1997.

---

Steven E. Barclay, Plainfield, Pro Se.

Pamela Carter, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Petitioner-Appellant Steven E. Barclay (Barclay) appeals from the denial of his petition for post-conviction relief.

We reverse and remand.

### ISSUES

Barclay presents the following restated and consolidated issues for review:

    1.  Whether the court committed reversible error by failing to forward Barclay's post-conviction relief petition to the State Public Defender.

    2.  Whether the court erred in denying Barclay's motion for a change of judge.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict follow. Barclay entered Smith's True Value Hardware on October 19, 1994. He then moved several chain saws into a fenced in area outside of the store, left the building, pulled his car around to the fenced in area, cut the lock on the fence, placed the chain saws into his car, and left the premises.

Barclay was arrested shortly after the incident and charged by information with burglary and theft. On February 9, 1995, Barclay entered a guilty plea and received concurrent sentences to the Department of Correction of eight years for burglary and three years for theft.

On March 18, 1996, Barclay filed pro se a petition for post-conviction relief, a motion for a change of judge, and an affidavit of indigency requesting a public defender. The trial court summarily denied all of the above on March 25, 1996. Barclay filed a motion to correct errors on April 8, 1996. The court then forwarded Barclay's petition for post-conviction relief to the Public Defender's office for their consideration. A public defender then appeared on behalf of Barclay and subsequently withdrew. Barclay then entered his own appearance and brought this timely appeal.

### DISCUSSION AND DECISION
#### Standard of Review

An action for post-conviction relief is a special quasi-civil remedy where a party can raise an error which, for various reasons, was not available or known at the time of the original trial or appeal. Ind. Post-Conviction Rule 1, § 1; *Stewart v. State*, 517 N.E.2d 1230, 1231 (Ind.1988). Additionally, a petitioner seeking post-conviction relief has the burden of establishing grounds for relief by a preponderance of the evidence. P–C.R. 1, § 5; *Carter v. State*, 560 N.E.2d 687, 688 (Ind.Ct.App.1990), *trans. denied.* The standard of review for a post-conviction hearing is similar to other trials where the trial judge hears the evidence and the court of appeals reviews the trial court's ruling.

    The judge who presides over the post-conviction hearing possesses exclusive

authority to weigh the evidence and determine the credibility of the witnesses. *Stewart*, 517 N.E.2d at 1231. The reviewing court will therefore not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Id.*

Pursuant to Ind. Post–Conviction Rule 1, § 4(f), a post-conviction court can summarily deny a petition for post-conviction relief if the pleadings show that the petitioner is entitled to no relief. P–C.R. 1, § 4(f); *Clayton v. State*, 673 N.E.2d 783, 785 (Ind.Ct. App.1996) ("[t]he necessity of an evidentiary hearing is avoided when the pleadings show only issues of law"). However, if there is an unresolved factual question of a material nature which affects the ultimate issue, a summary denial would be inappropriate, even if there is only a remote chance that the petitioner will establish his claim. *Id.*

## I. Forwarding of the Post-conviction Relief Petition

Ind. Post–Conviction Rule 1, § 2 mandates that a copy of an indigent prisoner's petition for post-conviction relief be forwarded to the Public Defender's office for review.

> If an affidavit of indigence is attached to the petition [for post-conviction relief], the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis. If the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office.

P–C.R. 1, § 2. Although Barclay was in prison and attached an affidavit of indigence to his petition, the court did not forward his petition to the Public Defender's office as required by P–C.R. 1, § 2. The State recognizes that the court erred in this omission but asserts that it is harmless error. We disagree.

There are two reasons behind the rule requiring Barclay's petition for post-conviction relief to be forwarded to the Public Defender.

First, it provides the indigent petitioner with counsel thereby facilitating the orderly and coherent prosecution of the claim through the trial and appeal courts. Secondly, it insures that the petition will be presented in the form required by the rule which in turn effectively implements the underlying policy which is to limit the number of post-conviction petitions so far as constitutionally permissible by requiring all known and felt grievances to be aired in the original or first petition.

*Sanders v. State*, 273 Ind. 30, 401 N.E.2d 694, 695 (1980). *Sanders* also holds that an explicit request for the assistance of counsel is not necessary as long as there is clear proof of indigence. *Id.*, 401 N.E.2d at 696; *cf., Howard v. State*, 576 N.E.2d 1253 (Ind. 1991) (holding that petitioner cannot reserve the right to seek a public defender while choosing to proceed pro se); *Curry v. State*, 643 N.E.2d 963, 982 (Ind.Ct.App.1994), *reh'g denied, trans. denied* (holding petitioner cannot claim he was denied right to assistance of counsel when he knowingly and voluntarily decided to represent himself). Barclay properly filed with his petition an affidavit proving his indigence, as well as making a request for assistance of counsel. The trial court's failure to forward Barclay's petition denied Barclay assistance of counsel by failing to afford him an opportunity to confer with a Public Defender, as provided for by P–C.R. 1, § 2. Failure of the trial court to refer a petition to the Public Defender's office upon the proper proof of indigence warrants reversal and remand. *Sanders*, 401 N.E.2d at 696.

In its support of the harmless error argument the State relies on *Murphy v. State*, 477 N.E.2d 266 (Ind.1985), which is easily distinguishable. In *Murphy* when the petitioner filed a pro se petition for post-conviction relief, the court appointed a local pauper counsel instead of contacting the public defender's office. We found that the petitioner needed to show ineffective assistance of counsel to make the court's failure to follow the requirements of P–C.R. 1, § 2 reversible error. *Id.* However, in *Murphy* the petitioner did have the aid of counsel for his post-conviction relief petition, where as here, Barclay was denied his opportunity to obtain counsel.

## II. Change of Judge Motion

Next, Barclay contends that the trial court erred in denying his motion for a change of judge. Although a change of judge is provided for in Ind. P–C.R. 1, § 4(b), it is not automatic as Barclay asserts. Instead, "the rule requires the judge to examine the affidavit, treat the historical facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice." *Jackson v. State,* 643 N.E.2d 905, 907 (Ind.Ct.App.1994), *trans. denied* (citing *State ex rel. Whitehead v. Madison County Circuit Court,* 626 N.E.2d 802, 803 (Ind.1993)). Barclay's affidavit presents the fact that the trial court judge accepted his guilty plea without an adequate factual basis as his evidence of bias. Even taking this assertion as true, it does not support a rational inference of bias or prejudice. *See Smith v. State,* 613 N.E.2d 412, 414 (Ind.1993), *reh'g denied, cert. denied* (holding that the fact that the judge received adverse publicity for granting post-conviction relief in another case did not require the judge to recuse herself); *Jackson,* 643 N.E.2d at 907 (holding that the fact that the judge had previously revoked the petitioner's probation in a separate matter in the judge's earlier capacity as the county's chief probation officer does not support a rational inference of bias or prejudice). The court did not err in denying this motion.

### *CONCLUSION*

The trial court's failure to forward Barclay's petition denied him the opportunity to consult with counsel. This is not harmless error, but requires reversal and remand. Because of our finding of reversible error, we do not address Barclay's contentions of an inadequate factual basis for his guilty plea or the court's failure to file findings of fact. Finally, the trial court did not err in denying Barclay's motion for a change of judge.

We reverse and remand.

DARDEN and ROBERTSON, JJ., concur.