Steve D. ELLER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 14A01–0011–PC–392.

Court of Appeals of Indiana.

Aug. 8, 2001.

Publication Ordered Oct. 15, 2001.

Steve D. Eller, Michigan City, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Although Steve D. Eller requested the representation of the State Public Defender when he filed his petition for post-conviction relief, the trial court did not refer the petition and summarily denied it nine days after it was filed. We reverse

and remand with instructions to refer the petition to the State Public Defender.

## Facts and Procedural History

On January 19, 1999, a nine-count information was filed against Eller in Daviess Circuit Court. Eller was found to be indigent, and a public defender was appointed to represent him. On October 4, 1999, Eller pleaded guilty to two counts of burglary as a Class A felony, one count of possession of a firearm by a felon, a Class D felony, and auto theft, a Class D felony. On December 23, he was sentenced to fifty years with ten years suspended for the Class A felony counts and eighteen months for the Class D felonies. All counts were ordered served concurrently.

On February 8, 2000, Eller filed an affidavit of indigency and praecipe for the record of proceedings. The record was provided to him three months later, and on September 19, Eller filed a petition for post-conviction relief, alleging that his guilty pleas were not entered into knowingly, voluntarily, or intelligently because the plea agreement resulted in him being convicted of two offenses in violation of double jeopardy principles. His petition requested that the State Public Defender be appointed to represent him, but he did not attach an affidavit of indigency. On September 26, the trial court ordered the State to file a written response to the petition, and on the same day the prosecuting attorney filed a one-sentence response requesting that the petition be denied because it was "factually and legally without merit." R. at 24. Two days later, the trial court entered the following order: "The Court, having considered the defendant's Motion for Post Conviction Relief and the State's Objection thereto, now denies the defendant's Motion for Post Conviction Relief." R. at 26.

Eller appeals.

## Discussion and Decision

The Indiana Rules of Procedure for Post–Conviction Remedies provide detailed guidelines related to the filing and litigation of petitions for post-conviction relief. A post-conviction action is commenced by filing three copies of a verified petition with the clerk of the court in which the conviction was entered. Ind. Post–Conviction Rule 1(2). Rule 1(2) further provides:

> The Clerk shall file the petition upon its receipt and deliver a copy to the prosecuting attorney of that judicial circuit. . . . If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis. If the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office.

Within thirty days (or any further reasonable time ordered by the court) of the filing of the petition, the State must file its answer "stating the reasons, if any, why the relief prayed for should not be granted." P–C.R. 1(4)(a). "If the State Public Defender has filed an appearance, the State Public Defender shall have sixty (60) days to respond to the State's answer to the petition filed pursuant to Rule PC 1(4)(a). If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." P–C.R. 1(4)(f).

Here, Eller's petition was not referred to the State Public Defender and was summarily denied nine days after it was filed. Therefore, because the State Public Defender was never involved in the case, she was not given the sixty days prescribed by Rule 1(4)(f) to respond to the State's an-

swer before the summary denial.[1]

"The right to counsel in a post-conviction proceeding is guaranteed neither by the Sixth Amendment of the United States Constitution nor article 1, § 13 of the Constitution of Indiana." *Baum v. State,* 533 N.E.2d 1200, 1201 (Ind.1989); *see also Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Nevertheless, the right to counsel of indigent prisoners pursuing post-conviction relief, although not constitutional in dimension, is provided for under certain circumstances by the Indiana Code and the Indiana Rules of Procedure for Post Conviction Remedies. *See* Ind.Code § 33–1–7–2(a) (1998) ("The state public defender shall represent any person confined in any penal facility of this state or committed to the department of correction due to a criminal conviction or delinquency adjudication who is financially unable to employ counsel, in any postconviction proceeding testing the legality of his conviction, commitment, or confinement, if the time for appeal has expired."); P–C.R. 1(9)(a).

The important goals advanced by referring petitions to the State Public Defender are highlighted by the Post–Conviction Rules and decisional law. Rule 1(9)(c) provides that "[c]ounsel shall confer with the petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition." In addition, as Justice DeBruler observed over two decades ago,

> The purpose of the rule requiring the trial court to refer self-generated petitions to the Public Defender is twofold. First, it provides the indigent petitioner with counsel thereby facilitating the orderly and coherent prosecution of the claim through the trial and appeal courts. Secondly, it insures that the petition will be presented in the form required by the rule which in turn effectively implements the underlying policy which is to limit the number of post-conviction petitions so far as constitutionally permissible by requiring all known and felt grievances to be aired in the original or first petition. The referral requirement of the rule has considerable importance to the inmate as well as to the courts.

*Sanders v. State,* 273 Ind. 30, 401 N.E.2d 694, 695–96 (1980).

In *Sanders,* the defendant/petitioner filed a pro se petition that stated he had no funds with which to employ counsel and affixed an affidavit of indigency. The trial court summarily denied the petition without referring it to the State Public Defender. Our supreme court reversed, relying on *Ferrier v. State,* 270 Ind. 279, 385 N.E.2d 422 (1979):

> In [*Ferrier*] we noted that the petitioner made an express request for the aid of the Public Defender and made proof of indigency. In the present case there is clear proof of indigency, but no express request for the appointment of the Public Defender. The absence of this element does not distinguish this case from *Ferrier.* The language of Ind. R.P.C. 1, § 2, is clear and requires referral of a copy of the petition to the Public Defender if the petitioner is indigent. There is no requirement in the rule that an express request for referral be made. To interpret the rule to re-

---

**1.** In addition, Rule 1(4)(b) allows a petitioner to file a request for a change of judge within ten days of filing his or her petition for post-conviction relief. Summary denial of a petition nine days after its filing, as in this case, precludes a petitioner from exercising this option.

quire such an express request in every case would be again to frustrate the dual purposes underlying the referral requirement.

*Sanders,* 273 Ind. at 32, 401 N.E.2d at 696.

Although Eller, unlike Sanders, did not include an affidavit of indigency, he did explicitly request the referral of his petition to the State Public Defender. Moreover, his indigent status was clear based on his pretrial representation by a public defender, his filing of an affidavit of indigency several months before the filing of his petition for post-conviction relief, and his present incarceration at the Department of Correction serving a forty-year sentence.

We do not countenance Eller's failure to strictly follow the Post–Conviction Rules. However, where it is clear that a petitioner is likely indigent and has requested referral of his petition to the State Public Defender, we do not believe the omission of an affidavit of indigency strips him of the right to referral and review of his case by the State Public Defender.[2]

### Conclusion

For all of these reasons, the summary denial of post-conviction relief is reversed and this case is remanded with instruc-

tions to forward Eller's petition to the State Public Defender's Office.[3]

Reversed and remanded.

BAILEY, J., and BAKER, J., concur.

### ORDER TO PUBLISH MEMORANDUM DECISION

This Court having heretofore handed down its opinion in this appeal on August 8, 2001, marked Memorandum Decision, Not for Publication;

Comes now the Appellant, by counsel, and files its Verified Motion to Publish Memorandum Decision, alleging therein that said opinion should be published because it clarifies a rule of law and involves a legal and factual issue of unique interest and substantial public importance, which said Motion is more particularly in the following words and figures, to wit:

(H.I.)

And the Court, having examined said Motion, having reviewed its opinion in this appeal, and being duly advised, now finds that said Motion should be granted, and that this Court's opinion heretofore handed down in this appeal on August 8, 2001, marked Memorandum Decision, Not for

---

**2.** In *Neville v. State,* 663 N.E.2d 169 (Ind.Ct. App.1996), we found no error in the trial court's failure to forward a petition for post-conviction relief to the State Public Defender when the petitioner did not attach an affidavit of indigency and did not complete the standard "form" questions about his ability to hire an attorney or his desire to be represented by the State Public Defender. Eller's circumstances are clearly distinguishable, however, as he explicitly requested referral to the State Public Defender and his indigency is clearly evinced from other parts of the petition and the record.

**3.** Because we are remanding for referral to the State Public Defender, we need not ad-

dress the merits of Eller's claim that his petition was improperly denied without a hearing. We would note, however, that a hearing is not required when "the pleadings conclusively show that petitioner is entitled to no relief." P–C.R. 1(4)(f). Eller's purely legal claim of a double jeopardy violation falls into this category. Nevertheless, the trial court's one-sentence denial order falls short of what is required by our post-conviction rules. Rule 1(6) requires trial courts to "make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." P–C.R. 1(6).

Publication, should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Verified Motion to Publish Memorandum Decision is granted and this court's opinion heretofore handed down in this cause on August 8, 2001, marked Memorandum Decision, Not for Publication, is ordered published.