

**FILED**

Feb 29 2016, 10:25 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| APPELLANT, PRO SE | ATTORNEYS FOR APPELLEE |
| William Cox<br>Plainfield Correctional Facility<br>Plainfield, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Cox,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Respondent.* | February 29, 2016<br><br>Court of Appeals Case No.<br>29A02-1508-PC-1221<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Steven R. Nation,<br>Judge<br><br>Trial Court Cause No.<br>29D01-1502-PC-1884 |

**Pyle, Judge.**

## Statement of the Case

[1] Appellant/Petitioner, William Cox ("Cox"), appeals the post-conviction court's denial of his petition for post-conviction relief. On appeal, he argues that the post-conviction court erred when it failed to transfer his petition to the State

Public Defender's Office after he requested representation by the Public Defender and attached an affidavit of indigency to his petition. We agree that the post-conviction court's failure to transfer the petition to the State Public Defender's Office was reversible error, and we reverse and remand with instructions for the post-conviction court to transfer the petition.

We reverse and remand with instructions.

## Issue

Whether the trial court erred by failing to transfer Coz's petition for post-conviction relief to the State Public Defender's Office.

## Facts

On February 6, 1987, Cox was convicted of being an habitual traffic violator, and the trial court ordered his license to be suspended for ten years. Subsequently, on April 23, 1999, Cox was convicted, pursuant to a guilty plea, of operating a vehicle as an habitual traffic offender. The trial court sentenced him to two-and-a-half years and ordered his driving privileges suspended for his lifetime.

Almost sixteen years later, on February 24, 2015, Cox filed a pro se handwritten petition for post-conviction relief.[1] In his petition, he argued that he should not have been convicted for operating a vehicle as an habitual traffic

---

[1] Cox was incarcerated when he filed his petition for post-conviction relief and is still incarcerated currently.

offender in 1999 because the suspension of his license from his 1987 habitual traffic offender designation had expired prior to his 1999 offense. The post-conviction court scheduled a pre-trial conference on the matter and noted that Cox had not requested representation by a public defender. In response, on March 25, 2015, Cox filed a formal post-conviction petition in which he stated that he wished the State Public Defender to represent him and to which he attached an affidavit of indigency. However, the post-conviction court did not order a copy of his petition for post-conviction relief to be sent to the State Public Defender's Office.

[5] On March 27, 2015, the State filed a motion for a summary denial of Cox's petition for post-conviction relief. It argued that Cox had not stated a claim upon which relief could be granted because, after his 1987 conviction, Cox had been convicted of Class D felony operating a vehicle after being adjudged an habitual traffic offender on January 8, 1993, and his driving privileges had been suspended for life at that time. Therefore, Cox's driving privileges had been suspended at the time he had been convicted in 1999. On May 27, 2015, the post-conviction court granted the State's motion for summary denial and denied Cox's petition for post-conviction relief. The court cited Cox's 1993 conviction as the basis for its judgment.

[6] On June 22 and July 24, 2015, respectively, Cox filed a motion to correct error and an amended motion to correct error. In his amended motion, Cox raised two new issues. The post-conviction court held a hearing on the amended motion on July 30, 2015 and denied it on July 31, 2015. Cox now appeals.

# Decision

[7] On appeal, Cox argues that the post-conviction court erred when it failed to send his petition for post-conviction relief to the State Public Defender's Office after he stated that he wished to be represented by the Public Defender. Indiana Post-Conviction Rule 1, § 2 mandates that a copy of an indigent prisoner's petition for post-conviction relief be forwarded to the State Public Defender's Office for review. *Barclay v. State*, 679 N.E.2d 163, 165 (Ind. Ct. App. 1997). Specifically, it provides that:

> If an affidavit of indigence is attached to the petition [for post-conviction relief], the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis. If the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office.

P-C.R. 1, § 2. Our supreme court has noted two reasons behind this rule:

> First, it provides the indigent petitioner with counsel thereby facilitating the orderly and coherent prosecution of the claim through the trial and appeal courts. Secondly, it insures that the petition will be presented in the form required by the rule which in turn effectively implements the underlying policy which is to limit the number of post-conviction petitions so far as constitutionally permissible by requiring all known and felt grievances to be aired in the original or first petition.

*Sanders v. State*, 401 N.E.2d 694, 695 (Ind. 1980). The *Sanders* Court noted that the "referral requirement of [Post Conviction Rule 1, § 2] has considerable

importance to the inmate as well as to the courts." *Id.* at 695-96. As such, we have noted that failure of a post-conviction court to refer a petition to the State Public Defender's Office upon the proper proof of indigence warrants reversal and remand. *Barclay*, 679 N.E.2d at 165.

[8] Here, Cox requested representation by the State Public Defender's Office and properly attached an affidavit of indigency to his petition for post-conviction relief. Accordingly, we conclude that the post-conviction court's failure to refer Cox's petition to the State Public Defender's Office was reversible error. *See id.* We reverse and remand with instructions for the post-conviction court to forward Cox's petition for post-conviction relief to the State Public Defender's Office.

[9] Reversed and remanded with instructions.

Baker, J., and Bradford, J., concur.