## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 26 2016, 9:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Michael Bertram
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Bertram,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 26, 2016

Court of Appeals Case No.
32A05-1603-PC-602

Appeal from the Hendricks
Superior Court

The Honorable Stephenie LeMay-Luken, Judge

Trial Court Cause No.
32D05-1512-PC-10

**May, Judge.**

[1]    Michael Bertram appeals the post-conviction court's denial of his petition for post-conviction relief.  He asserts the post-conviction court erred when it failed

to transfer his petition to the State Public Defender. The State agrees. We reverse and remand with instructions.

## Facts and Procedural History

[2] On May 7, 2015, Bertram pled guilty to Class C felony burglary[1] and to a habitual offender enhancement.[2] He received an eight-year sentence, to be served consecutively to another sentence. On December 17, 2015, Bertram filed a *pro se* petition for post-conviction relief. Included with his petition were a request for assistance from the public defender and an affidavit of indigency. The record contains no indication the petition was referred to the State Public Defender. Nor did a public defender ever enter an appearance.

[3] On February 22, 2016, the State requested summary disposition. The post-conviction court granted the State's request and summarily denied Bertram's petition for post-conviction relief.

## Discussion and Decision

[4] Bertram and the State agree this case should be reversed and remanded to the post-conviction court with instructions to refer Bertram's petition to the State Public Defender's office. We agree.

---

[1] Ind. Code § 35-43-2-1 (2014).

[2] Ind. Code § 35-50-2-8 (2014).

Ind. Post-Conviction Rule 1, § 2 states, in pertinent part, that "[i]f the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office." Our Indiana Supreme Court has explained this rule's two purposes:

> First, it provides the indigent petitioner with counsel thereby facilitating the orderly and coherent prosecution of the claim through the trial and appeal courts. Secondly, it insures that the petition will be presented in the form required by the rule which in turn effectively implements the underlying policy which is to limit the number of post-conviction petitions so far as constitutionally permissible by requiring all known and felt grievances to be aired in the original or first petition.

*Sanders v. State*, 273 Ind. 30, 32, 401 N.E.2d 694, 695 (1980).

Bertram requested representation by the Public Defender's office and attached an affidavit of indigency. The record does not indicate his petition was forwarded to the State Public Defender's office, and the post-conviction court's failure to do so is reversible error. *See Cox v. State*, 52 N.E.3d 17, 19 (Ind. Ct. App. 2016) (lack of referral is reversible error). Thus, we reverse the summary disposition and remand with instructions for the post-conviction court to refer Bertram's petition to the State Public Defender's office.

Reversed and remanded with instructions.

Kirsch, J., and Crone, J., concur.