**Melvin LONG, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 46A04–9701–PC–5.**

Court of Appeals of Indiana.

May 13, 1997.

Susan K. Carpenter, Public Defender, Mario Joven, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Pamela Carter, Attorney General, John B. Herriman Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Petitioner-Appellant Melvin Long (Long) appeals from the denial of his petition for post-conviction relief.

We reverse and remand.

### ISSUE

Long presents the following restated issue for review:

Whether the court committed reversible error by failing to forward Long's post-conviction relief petition to the State Public Defender.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment follow. Long was convicted of murder and received a sixty year sentence in 1989. On January 12, 1994, Long filed pro se a petition for post-conviction relief and an affidavit of indigence requesting a public defender. The trial court forwarded this petition to the State Public Defender, who then filed an appearance on Long's behalf. Long moved to withdraw his petition for post-conviction relief on June 28, 1994. The court granted the motion to withdraw without prejudice on September 19, 1994.

With leave of court, on September 10, 1996, Long filed a second pro se petition for post-conviction relief and an affidavit of indigence requesting a public defender. The court summarily denied this second petition for post-conviction relief without forwarding it to the Public Defender's office. Long then brought this timely appeal.

## DISCUSSION AND DECISION

### Standard of Review

■ An action for post-conviction relief is a special quasi-civil remedy where a party can raise an error which, for various reasons, was not available or known at the time of the original trial or appeal. Ind. Post–Conviction Rule 1, § 1; *Stewart v. State,* 517 N.E.2d 1230, 1231 (Ind.1988). Additionally, a petitioner seeking post-conviction relief has the burden of establishing grounds for relief by a preponderance of the evidence. P–C.R. 1, § 5; *Carter v. State,* 560 N.E.2d 687, 688 (Ind.Ct.App.1990), *trans. denied.* The standard of review for a post-conviction hearing is similar to other trials where the trial judge hears the evidence and the court of appeals reviews the trial court's ruling. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses. *Stewart,* 517 N.E.2d at 1231. The reviewing court will therefore not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Id.*

■ Pursuant to Ind. Post–Conviction Rule 1, § 4(f), a post-conviction court may summarily deny a petition for post-conviction relief if the pleadings show that the petitioner is entitled to no relief. P–C.R. 1, § 4(f); *Clayton v. State,* 673 N.E.2d 783, 785 (Ind. Ct.App.1996) ("[t]he necessity of an evidentiary hearing is avoided when the pleadings show only issues of law"). However, if there is an unresolved factual question of a material nature which affects the ultimate issue, a summary denial would be inappropriate, even if there is only a remote chance that the petitioner will establish his claim. *Id.*

### Forwarding of the Post–Conviction Relief Petition

■ Ind. Post–Conviction Rule 1, § 2 mandates that a copy of an indigent prisoner's petition for post-conviction relief be forwarded to the Public Defender's office for review.

> If an affidavit of indigence is attached to the petition [for post-conviction relief], the clerk shall call this to the attention of the court. If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis. If the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office.

P–C.R. 1, § 2. Although Long was in prison and attached an affidavit of indigence to his petition, the court did not forward his second petition to the Public Defender's office as required by P–C.R. 1, § 2.

The State makes two arguments in support of the court's failure to forward the second petition. First, it argues that it was not error because Long had a Public Defender to represent him in the first petition, and that attorney never withdrew his appearance. Therefore, the State believed that Long was already represented by counsel. Secondly, the State argues that any error committed in not forwarding the petition to the Public Defender's office is harmless error. We do not find either argument persuasive.

The appointment of a public defender for Long upon his initial petition for post-conviction relief does not cover his later filing pursuant to leave from the court following withdrawal of his first petition without prejudice. Long's initial petition for post-conviction relief was dismissed without prejudice. "Where an action is voluntarily dismissed without prejudice the situation is as though no action had ever been brought." *Ilagan v. McAbee,* 634 N.E.2d 827, 829 (Ind.Ct.App. 1994). This means that Long has the right to refile his petition for post-conviction relief, and it should be treated as a new filing.

A petitioner may be granted leave to withdraw his petition, and he also has the right to

amend his petition. P–C.R. 1, § 4(c). These are two separate things. Long chose to withdraw his petition and start over. Therefore, the court should not have treated the later petition as part of his initial filing, for which he had already obtained a public defender. This was a new petition and needed to be treated as such.

Furthermore, the petition was not a subsequent petition, but was still his first petition for post-conviction relief. P–C.R. 1, § 12 requires a petitioner to obtain leave of the court to file a successive petition for post-conviction relief which alleges new or different grounds for relief that were not available at the time of the prior petition for post-conviction relief. P–C.R. 1, § 12. Because Long's initial petition was dismissed by the court without prejudice, he was not filing a successive petition for post-conviction relief, but his first. Therefore, the court should have treated the subsequent petition for post-conviction relief as his first and forwarded it to the Public Defender's office pursuant to P–C.R. 1, § 2.[1]

■ We also cannot consider the court's failure to forward Long's petition to the Public Defender's office harmless error. There are two reasons behind the rule requiring Long's petition for post-conviction relief to be forwarded to the Public Defender.

First, it provides the indigent petitioner with counsel thereby facilitating the orderly and coherent prosecution of the claim through the trial and appeal courts. Secondly, it insures that the petition will be presented in the form required by the rule which in turn effectively implements the underlying policy which is to limit the number of post-conviction petitions so far as constitutionally permissible by requiring all known and felt grievances to be aired in the original or first petition.

*Sanders v. State*, 273 Ind. 30, 401 N.E.2d 694, 695 (1980). *Sanders* also holds that an explicit request for the assistance of counsel

is not necessary as long as there is clear proof of indigence. *Id.* at 696; *cf., Howard v. State*, 576 N.E.2d 1253 (Ind.1991) (holding that petitioner cannot reserve the right to seek a public defender while choosing to proceed pro se); *Curry v. State*, 643 N.E.2d 963, 982 (Ind.Ct.App.1994), *reh'g denied, trans. denied* (holding petitioner cannot claim he was denied right to assistance of counsel when he knowingly and voluntarily decided to represent himself). With his petition, Long properly filed an affidavit proving his indigence, as well as making a request for assistance of counsel. The trial court's failure to forward Long's petition denied Long assistance of counsel by failing to afford him an opportunity to confer with a Public Defender, as provided for by P–C.R., 1, § 2. Failure of the trial court to refer a petition to the Public Defender's office upon the proper proof of indigence warrants reversal and remand. *Sanders*, 401 N.E.2d at 696.

In support of its harmless error argument the State relies on *Murphy v. State*, 477 N.E.2d 266 (Ind.1985), which is easily distinguishable. In *Murphy* when the petitioner filed a pro se petition for post-conviction relief, the court appointed a local pauper counsel instead of contacting the Public Defender's office. We found that the petitioner needed to show ineffective assistance of counsel to make the court's failure to follow the requirements of P–C.R. 1, § 2 reversible error. *Id.* However, in *Murphy* the petitioner did have the aid of counsel for his post-conviction relief petition, where as here, Long was denied his opportunity to obtain counsel.

The State also relies on *Howard* to support it's harmless error claim. In *Howard,* the petitioner was effectively requesting the court to hear his case as well monitor his ability to represent himself so that a public defender could be appointed if needed. 576 N.E.2d 1253. The petitioner there specifically decided to proceed pro se, so the court was excused from having to forward the petition

---

**1.** In dealing with successive petitions, P–C.R. 1, § 12(c) states that if the court authorizes a successive petition for post-conviction relief, then the petition should be referred to the State Public Defender to represent the petitioner as provided in § 9(a) of P–C.R. 1. The code does not contemplate that the same attorney would be used for a successive petition for post-conviction relief, therefore, we do not see why it would contemplate the same attorney for a new first petition for post-conviction relief pursuant to a withdrawal of the initial.

to the Public Defender. Here, Long specifically requested the assistance of counsel, and failure to allow him the opportunity to obtain counsel is not harmless error.

### CONCLUSION

The trial court's failure to forward Long's petition denied him the opportunity to consult with counsel. This is not harmless error, but requires reversal and remand.

We reverse and remand.

DARDEN, J., concurs.

SULLIVAN, J., concurs in result.