**Ernest C. COLLIER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A04–9808–PC–410.

Court of Appeals of Indiana.

Aug. 31, 1999.

Transfer Denied Oct. 27, 1999.

Susan K. Carpenter, Public Defender of Indiana, Victoria Christ, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge

Ernest C. Collier appeals the denial of his petition for post-conviction relief. Collier's convictions for Murder,[1] Criminal Recklessness, as a class D felony,[2] and Carrying a Handgun Without a License, as a class A misdemeanor[3] were affirmed on direct appeal. *Collier v. State*, 562 N.E.2d 722 (Ind. 1990). As restated, Collier presents three

---

1. Ind.Code Ann. § 35–42–1–1 (West 1988).

2. IC § 35–42–2–2.

3. Ind.Code Ann. § 35–47–2–1 (West 1988).

issues on appeal, all based upon allegations that he did not receive the effective assistance of trial and appellate counsel:

1. Do Collier's convictions and consecutive sentences for both criminal recklessness, as a class D felony based upon use of a deadly weapon, and carrying a handgun without a license violate federal and state double jeopardy principles?

2. Did the State withhold evidence of an agreement in exchange for the testimony of a key witness?

3. Did the trial court's sentencing statement adequately support the sentence Collier received?

We affirm in part, and reverse in part.

■ The underlying facts are recited in the direct appeal. Because a petitioner has the burden to establish any grounds for post-conviction relief, the denial of the petition results in an appeal from a negative judgment. *Canaan v. State*, 683 N.E.2d 227 (Ind. 1997), *cert. denied.* Thus, after denial of a post-conviction petition, the petitioner is entitled to relief only where the decision is contrary to law and the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the trial court. *Id.*

■ Claims of ineffective assistance of counsel are controlled by the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To gain reversal based upon the ineffectiveness of counsel, a petitioner must demonstrate "both (a) that counsel's performance failed to meet an objective standard of reasonableness as measured by predominate professional norms, and (b) that such deficient performance so prejudiced the defendant as to deprive him of a fair trial." *Spranger v. State*, 650 N.E.2d 1117, 1121 (Ind.1995). A strong presumption arises that counsel rendered adequate assistance and ex-

ercised reasonable professional judgment. *Id.*

■ Counsel's tactical decisions and strategy will not be viewed through the distortions of hindsight and are scrutinized with great deference. *Id.* The purpose of an ineffective assistance of counsel claim is not to "grade counsel's performance." *Legue v. State*, 688 N.E.2d 408, 410 (Ind.1997) (quoting *Strickland v. Washington*, 466 U.S. at 697, 104 S.Ct. 2052). In order to demonstrate the prejudice that results in the deprivation of a fair result, a petitioner must show that but for counsel's deficient performance, the result would have been different. *Spranger v. State*, 650 N.E.2d 1117.

1.

■■ Collier contends that counsel was ineffective for failing to object to or raise error based upon his convictions for both criminal recklessness, as a class D felony, and carrying a handgun without a license. Collier contends that carrying a handgun without a license is a lesser included offense of criminal recklessness, and that the convictions violate both Indiana [4] and federal double jeopardy principles.[5]

■ Under the federal analysis explained in *U.S. v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), recognized in *Games v. State*, 684 N.E.2d 466 (Ind.1997), *modified on other grounds*, 690 N.E.2d 211 (Ind.1997), *cert. denied*, —— U.S. ——, 119 S.Ct. 98, 142 L.Ed.2d 78 (1998), and *Grinstead v. State*, 684 N.E.2d 482 (Ind.1997), the *Blockburger* same-elements test is employed. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Games v. State*,

---

**4.** We note our recent discussion in *Russell v. State*, 711 N.E.2d 545 (Ind.Ct.App.1999), regarding the separate Indiana analysis of double jeopardy issues.

**5.** Although Collier does not couch his allegations in fundamental error terms, it is noteworthy that double jeopardy violations ensnare fundamental

rights. *See Cossel v. State*, 675 N.E.2d 355 (Ind. Ct.App.1996). Further, while limited review is allowed by the fundamental error exception to the contemporaneous objection rule on direct appeal, review is even more limited in the context of post-conviction proceedings. *Canaan v. State*, 683 N.E.2d 227, 235 n. 6 (Ind.1997).

684 N.E.2d at 475 (citing *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

In pertinent part, the criminal recklessness statute provides:

(b) A person who recklessly, knowingly, or intentionally performs:

(1) an act that creates a substantial risk of bodily injury to another person;

* * *

commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

* * *

(2) Class D felony if it is committed while armed with a deadly weapon.

Ind.Code Ann. § 35–42–2–2 (West 1988). The statute proscribing the carrying of a handgun without a license provides in pertinent part: "[A] person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter being in his possession." Ind.Code Ann. § 35–47–2–1 (West 1988).

▇▇▇ Collier notes that criminal recklessness as a class D felony requires the possession of a deadly weapon. Violation of the statutory provision proscribing possession of a handgun without a license requires only possession of a deadly weapon. *See Washington v. State,* 517 N.E.2d 77, 79 (Ind.1987) ("proof that a defendant does not possess a license to carry a handgun is not an element of … the statute", instead proof of a valid license is a defense). The element necessary for a conviction for carrying a handgun without a license does not require proof different from the elements necessary to prove criminal recklessness with a deadly weapon. Convictions for both violate double jeopardy.

Collier acknowledges that the post-conviction court relied upon *Fields v. State,* 676 N.E.2d 27 (Ind.Ct.App.1997), *trans. denied,* wherein the precise statutes at issue here were analyzed for a double jeopardy violation. In *Fields* this court determined that, under the facts presented, the criminal recklessness conviction and the possession of a handgun without a license conviction did not violate double jeopardy principles. *Id.* Significantly, Collier notes that *Fields* was decided prior to *Games* and *Grinstead.* The court in *Fields* looked beyond the elements of the crime to determine that a double jeopardy violation did not exist. As noted above, under the current federal double jeopardy analysis, double jeopardy hinges upon the same-elements test, and accordingly *Fields* does not control.

▇▇▇ Collier provides additional analysis under Indiana statutory provisions prohibiting convictions and sentencing for both a greater and lesser included offense. No further discussion is required. Collier has demonstrated that, but for the failure of counsel to raise the error, the result would have been different. The conviction for carrying a handgun without a license, as a class A misdemeanor, together with the attendant consecutive one-year term of imprisonment, are vacated.

2.

Collier asserts that the State withheld evidence of an agreement between the State and a key prosecution witness. Collier urges that trial counsel was ineffective for failing to question the key witness as to the existence of an agreement. Collier asserts that such information would have been relevant to the credibility of the key witness's testimony citing, *inter alia, Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

▇▇▇ As found by the post-conviction court, Collier does not present evidence of an agreement, but instead speculates that an agreement must have been in place because the witness was not charged with a crime based upon his presence during the crimes with which Collier was charged, and because the key witness was given favorable treatment in other cases. Witnesses at the hearing on post-conviction relief, including prosecutors, the key witness, and police investigators, denied the existence of an agreement. Collier contends that he is not required to demonstrate that a written agreement existed if proof of an agreement exists. *See Wright v. State,* 690 N.E.2d

1098 (Ind.1997). We decline to engage in speculation as to the existence of an agreement. Collier has not demonstrated that counsel was ineffective for failing to raise or preserve the possibility of an agreement.

**3.**

■■■■ Collier contends that counsel was ineffective for failing to object or raise error based upon insufficient aggravating factors to enhance his sentence. Collier complains that one factor was not sufficiently particularized to him. He then concedes that one aggravating factor was adequately articulated by the trial court. The existence of one valid aggravating factor is sufficient to support the enhancement of a sentence. *Buchanan v. State*, 699 N.E.2d 655 (Ind.1998).

Collier's assertions regarding the enhancement for carrying a handgun are moot due to our resolution of the double jeopardy question. Collier has failed to produce unerring and unmistakable evidence that counsel was ineffective for failing to object or raise error as to the sentencing issues.

Judgment affirmed in part and reversed in part.

STATON, J., concurs.

BAILEY, J., concurs as to issues II and III, dissents as to issue I with separate opinion.

BAILEY, Judge concurring in part and dissenting in part

I concur as to Issues 2 and 3, and respectfully dissent as to Issue 1. The post-conviction court did not commit error in its reliance upon *Fields v. State*, 676 N.E.2d 27 (Ind.Ct. App.1997). The post-conviction court properly analyzed Collier's federal and state double jeopardy claims.

### A. Double Jeopardy Under the United States Constitution

In *Fields*, we applied what was then a two-step double jeopardy test; first, we determined whether the defendant's conduct violated two distinct statutory provisions which do not require proof of an additional fact, then finding no double jeopardy violation based upon the elements of the two offenses

we analyzed the charging informations and proof at trial to determine whether the convictions were supported by different conduct. *Id.* at 30. In the wake of *Games v. State*, 684 N.E.2d 466 (Ind.1997), *modified on other grounds*, 690 N.E.2d 211 (Ind.1997), *cert. denied*, —— U.S. ——, 119 S.Ct. 98, 142 L.Ed.2d 78 (1998), and *Grinstead v. State*, 684 N.E.2d 482 (Ind.1997), federal double jeopardy analysis no longer permits the court to consider the charging informations and proof at trial. However, the *Fields* analysis of statutes which do not require proof of additional facts, or the "first step" alone, continues to comport with federal double jeopardy analysis post-*Games*.

In applying the "first step" of its double jeopardy analysis, the *Fields* court held the following: "We hold that for double jeopardy purposes, the elements of the offense of possession of a handgun include both the possession of a handgun and the lack of a valid license." *Fields v. State*, 676 N.E.2d at 30. Accordingly, there was no federal double jeopardy violation based upon the elements of the offenses charged.

### B. Double Jeopardy Under the Indiana Constitution

A separate double jeopardy analysis under Article 1, § 14 of the Indiana Constitution remains following the Indiana Supreme Court's modification of its federal double jeopardy analysis in *Games*, 684 N.E.2d 466 and *Grinstead*, 684 N.E.2d 482. *See Russell v. State*, 711 N.E.2d 545 (Ind.Ct.App. 1999). When analyzing a state double jeopardy claim "the courts look beyond the elements of the crimes and view the charging instruments, the jury instructions, and the proof at trial." *See id.* 711 N.E.2d at 550. This test is quite similar to that utilized by the *Fields* court, only it was then referred to as the "second step" of the then coexisting federal and state double jeopardy analyses. This state double jeopardy test, when applied within the context of an appeal from a denial for post-conviction relief, reveals that Collier was not subject to double jeopardy under our state constitution.

A petitioner seeking post-conviction relief has the burden of establishing grounds for

relief by a preponderance of the evidence. P–C.R. 1(5); *Long[v. State,* 679 N.E.2d 981,] at 983. The standard of review for a post-conviction hearing is similar to that of other trials where the trial judge hears the evidence and we review the trial court's ruling. The judge who presides over the post-conviction hearing has exclusive authority to weigh the evidence and determine the credibility of the witnesses. *Id.* So, *we will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. Id.*

*Taylor v. State,* 699 N.E.2d 270, 272–73 (Ind. App.1998) (emphasis added).

Here, multiple witnesses testified as to Collier's possession of a handgun, and from these witnesses' testimony, the post-conviction court could find proof of Collier's possession of a handgun separate from that enveloped by the State's other charges. *See Fields v. State,* 676 N.E.2d at 30. Accordingly, Collier's convictions for both criminal recklessness, as a class D felony, and carrying a handgun without a license did not subject him to double jeopardy under Art. 1, § 14 of the Indiana Constitution.