Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**SCOTT A. NORRICK**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARL DAULTON, | ) | |
| | ) | |
| Appellant–Cross-Appellee–Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 88A01-1108-PC-372 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee–Cross-Appellant–Respondent. | ) | |

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Frank Newkirk, Jr., Judge
Cause No. 88D01-0907-PC-300

**April 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Petitioner Carl Daulton appeals the denial of his petition for post-conviction relief ("PCR"). Specifically, Daulton contends that the post-conviction court erred in not considering the claims set forth in his unverified, amended PCR petition, and as such, he was denied a procedurally fair post-conviction setting. On cross-appeal, the State argues that the post-conviction court abused its discretion in allowing Daulton to revive his forfeited appellate rights. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2006, Daulton pled guilty to Class A felony Dealing in Cocaine. During the guilty plea hearing, Daulton asserted that he had read the plea agreement, talked to his attorney about the agreement, and that he did not have any questions about what the agreement meant. Daulton also asserted that he understood that by pleading guilty, he was voluntarily giving up a number of rights, including the right to a public speedy jury trial, the right to confront any witnesses against him, the right to remain silent, the right to have the State prove that he committed the alleged crime beyond a reasonable doubt, and the right to appeal his conviction. Daulton further asserted that it was his "own free choice and decision" and that he was satisfied with the representation he received from his attorney. Ex. 1, p. 5. The trial court accepted Daulton's guilty plea, and on December 22, 2006, sentenced Daulton, pursuant to the terms of the plea agreement, to a term of thirty years, with ten years suspended to probation.

On July 19, 2009, Daulton filed a verified PCR petition alleging that his plea was not made knowingly because he did not have a clear understanding of the plea entry process or

the agreement he was entering into at the time, and he suffered from a "literacy deficit." Appellant's App. p. 124. On January 22, 2010, the State filed a motion seeking summary disposition of Daulton's PCR petition pursuant to Indiana Post-Conviction Rule 1, Section 4. That same day, the post-conviction court summarily denied Daulton's PCR petition. Daulton did not timely appeal the denial of his PCR petition.

On May 1, 2010, Daulton filed a "Trial Rule 60 Motion for Relief from Judgment" requesting that the post-conviction court vacate and reenter its January 22, 2010 order denying his PCR petition, so to allow him the opportunity to timely appeal the post-conviction court's denial of his PCR petition. Appellant's App. pp. 110-12. On May 17, 2010, the State filed an objection to Daulton's motion. The post-conviction court denied Daulton's motion on June 7, 2010.

On July 15, 2010, Daulton filed a second "Trial Rule 60 Motion for Relief from Judgment," again requesting that the post-conviction court vacate and reenter its January 22, 2010 order denying his PCR petition. Appellant's App. pp. 96-98. The State did not file an objection to this motion. On October 26, 2010, the post-conviction court conducted a hearing on Daulton's July 15, 2010 motion. On November 4, 2010, the post-conviction court vacated its January 22, 2010 denial of Daulton's PCR petition. The post-conviction reentered its denial, effectively granting Daulton the opportunity to timely challenge the post-conviction court's denial of his PCR petition.

On November 22, 2010, Daulton filed a motion to correct error, alleging that the post-conviction court erred in summarily denying his PCR petition because it denied him a

procedurally fair PCR setting.  The State objected to Daulton's motion to correct error.  On February 8, 2011, the post-conviction court granted Daulton's motion to correct error and ordered that his PCR petition be reinstated.

On February 28, 2011, Daulton filed an unverified, amended PCR petition again alleging that his guilty plea was not made knowingly.  The unverified, amended PCR petition also included the allegation that Daulton received ineffective assistance of trial counsel.  On May 31, 2011, the post-conviction court conducted an evidentiary hearing on Daulton's claims.  Daulton did not testify during the evidentiary hearing and did not provide any testimony from his trial counsel, either in person or by affidavit, regarding counsel's representation of Daulton before the trial court.  On July 28, 2011, the post-conviction court denied Daulton's request for post-conviction relief.  This appeal follows.

## DISCUSSION AND DECISION

Post-conviction procedures do not afford the petitioner with a super-appeal.  *Williams v. State*, 706 N.E.2d 149, 153 (Ind. 1999).  Instead, they create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules.  *Id.*  A petitioner who has been denied post-conviction relief appeals from a negative judgment and as a result, faces a rigorous standard of review on appeal.  *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001); *Collier v. State*, 715 N.E.2d 940, 942 (Ind. Ct. App. 1999), *trans. denied*.

Post-conviction proceedings are civil in nature.  *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002).  Therefore, in order to prevail, a petitioner must establish his claims by a

preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Stevens*, 770 N.E.2d at 745. When appealing from the denial of a PCR petition, a petitioner must convince this court that the evidence, taken as a whole, "leads unmistakably to a conclusion opposite that reached by the post-conviction court." *Stevens*, 770 N.E.2d at 745. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). We therefore accept the post-conviction court's findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. *Id*.

## I. Issues Presented by Daulton on Appeal

**Whether the Post-Conviction Court Erred by Not Considering the Claims Set Forth in Daulton's Unverified Amended Petition for Post-Conviction Relief**

Daulton contends that the post-conviction court erred by not considering the claims set forth in his unverified, amended PCR petition filed on February 28, 2011, and that as such, he was denied a procedurally fair post-conviction setting. The unverified, amended PCR petition contained the previously asserted claim that Daulton's guilty plea was not made knowingly, as well as an additional claim that Daulton received ineffective assistance of trial counsel. Specifically, Daulton argues that the post-conviction court should have considered these claims because his unverified, amended PCR petition should be considered in relation

5

back to his original verified PCR petition pursuant to Trial Rule 15(C). We need not address the merits of Daulton's Rule 15(C) claim, however, as it is apparent from our review of the record that the post-conviction court did, in fact, address the additional claims raised in the unverified, amended petition.

With respect to Daulton's claim that his guilty plea was not make knowingly, the post-conviction court found and the evidence demonstrates that Daulton admitted under oath at the plea hearing that he understood the proceedings and that he was forfeiting certain rights by pleading guilty. The post-conviction court additionally found that Daulton did not testify or present any evidence during the evidentiary hearing indicating that he did not understand his rights or the nature of the plea proceedings. Thus, in light of Daulton's admission under oath that he understood the guilty plea proceedings and that he was waiving certain rights by pleading guilty considered with Daulton's failure to present any evidence during the evidentiary hearing indicating that he did not understand his rights or the nature of the guilty plea proceedings, the post-conviction court found that Daulton "failed to prove by a preponderance of the evidence that his plea of guilty was made unknowingly or involuntarily." Appellant's App. p. 10.

With respect to Daulton's claim that he received ineffective assistance of trial counsel, the post-conviction court found that Daulton admitted under oath at both the plea and sentencing hearings that he was satisfied with the representation of his attorney. In addition, the post-conviction court found that Daulton did not "present testimony from his trial counsel regarding his handling of this case, either in the form of in court testimony or via affidavit."

6

Appellant's App. p. 11. In light of the lack of any evidence suggesting that Daulton's trial counsel rendered ineffective representation and the strong presumption that counsel rendered adequate assistance, *see Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), the post-conviction court concluded that Daulton failed to prove by a preponderance of the evidence that he suffered ineffective assistance of counsel.

Accordingly, because the record indicates that despite Daulton's claim to the contrary, the post-conviction court did in fact consider and reject the claims raised in Daulton's unverified amended PCR petition, we must conclude that the post-conviction court did not err by failing to do so.[1]

## II. Issues Presented by the State on Cross-Appeal

**Whether the Post-Conviction Court Abused its Discretion by Granting Daulton's Motion to Revive His Forfeited Appellate Rights**

The State argues on cross-appeal that the post-conviction court abused its discretion by granting Daulton's Trial Rule 60(B) motion to revive his forfeited appellate rights. The record demonstrates that Daulton filed two separate motions asking the post-conviction court to vacate and reenter its January 22, 2010 order denying his original PCR petition. The record further demonstrates that while the State did file an objection to the first motion, it did not file an objection to the second. The first motion was denied by the post-conviction court. The second motion was granted, allowing Daulton to take the procedural steps leading to this appeal. Because the State's challenge on cross-appeal relates to the second motion, and

---

[1] Daulton does not challenge the post-conviction court's determination that he failed to prove his claims beyond a reasonable doubt on the merits.

in light of the State's failure to point to anything in the record indicating that it objected to said motion,[2] we conclude that the State has waived its challenge to the post-conviction court's order granting Daulton the relief sought in the second motion. *See generally, Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002) (providing that "[a]s a general rule, the failure to object at trial results in waiver of the issue on appeal").

Having concluded that the post-conviction court did not err by failing to consider the claims raised in Daulton's unverified, amended PCR petition, and that the State waived its challenge to the post-conviction court's order allowing Daulton to revive his forfeited appellate rights, we affirm the judgment of the post-conviction court.

The judgment of the post-conviction court is affirmed.

VAIDIK, J., and CRONE, J., concur.

---

[2] We note that the parties failed to include the transcript of the October 26, 2010 hearing on Daulton's second "Trial Rule 60 Motion for Relief from Judgment" in the record on appeal.