Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 25 2013, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**STEVEN BETHEL**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN BETHEL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1203-PC-139 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R.W. Chamblee, Judge
Cause No. 71D08-0502-PC-10

**February 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On March 5, 1991, Steven Bethel and another man attempted to rob two different businesses. Shots were fired during the men's retreat from both attempted robberies, and Bethel, who was armed with a gun, also fired shots at two of the officers that responded to the scene shortly after the attempted robberies. Bethel was subsequently charged with and convicted of four counts of Class B felony attempted robbery and four counts of Class A felony attempted murder, was found to be a habitual offender, and was sentenced to an aggregate 120-year term of imprisonment. On direct appeal, the Indiana Supreme Court found that the evidence was insufficient to sustain two of Bethel's Class A felony attempted murder convictions and revised Bethel's sentence accordingly, leaving Bethel with an aggregate 102-year term of imprisonment. The instant appeal stems from the denial of Bethel's petition for post-conviction relief. Concluding that Bethel has waived the claims which form the bases of his request for post-conviction relief, we affirm the judgment of the post-conviction court.

## FACTS AND PROCEDURAL HISTORY

The Indiana Supreme Court's opinion in Bethel's direct appeal, which was handed down on June 16, 2000, instructs us as to the underlying facts leading to this post-conviction appeal:

> [O]n March 5, 1991, the defendant agreed to assist Curtis Crenshaw in obtaining money and … went to the J & S Dairy Mart in South Bend, Indiana, at approximately 11:20 p.m. Armed with handguns, they approached Robaska and Wrobel, two store employees, as they were closing the store. The defendant held a gun to Robaska's head, Crenshaw grabbed Wrobel, and together they forced the two clerks back into the store. The defendant and Crenshaw tried unsuccessfully to obtain cash from the safe. One of the robbers threatened to shoot Robaska. They also forced Wrobel to empty his

2

pockets, but he had no cash.  The defendant and Crenshaw then took the two clerks back outside, told them to lie on the ground behind an ice machine, and began walking away.  Robaska and Wrobel got up and observed the defendant and Crenshaw.  Describing the ensuing events, Wrobel testified:

> They were about fifteen feet away, and [Crenshaw] turned around, and he pointed the gun at us, and I grabbed Patty [Robaska] and pulled her back down because I knew what comes out of a gun.  And we laid there, and we heard a fire.

Record at 623.  There was no testimony as to the length of time that elapsed between the time Wrobel and Robaska went back down to the ground and the time the shot was fired.  No witnesses testified as to the position of Crenshaw's weapon or the direction it was pointed when fired.  There was no injury to either Robaska or Wrobel, nor was there evidence of bullet damage to the ice machine or surrounding area.  No bullet was recovered.

Approximately ten minutes later, the defendant and Crenshaw entered the Burger Dairy store in South Bend and found three men inside.  They robbed the three at gunpoint, taking cash from the register and a wallet from one of the men.  During the robbery, Charles Flora attempted to enter the store, and the defendant pointed a gun at him.  Flora ran to his van in the parking lot and called the police from his van.  The defendant and Crenshaw came out of the store while Flora was still in the lot.  The direct examination of Flora includes the following:

> [Prosecutor] Did-before you were shot at, did you see the people that came out of the store?  You said you saw them, right?
> [Flora] When they both ran out of the store, they both looked directly at my van.
> [Prosecutor] Did you see whether they had anything in their hands?
> [Flora] They had a gun in their hand.
> [Prosecutor] Both of them?
> [Flora] I'm not sure if both of them did.  One I know did.
> [Prosecutor] Was the gun pointed at you?
> [Flora] When they ran out, no.
> [Prosecutor] At some point in time, was it?
> [Flora] Yes.
> [Prosecutor] When was that?
> [Flora] They was partly across the drive lot, and they pointed at my van, and I heard two or three shots.  I know it was more than one shot.
> [Prosecutor] What did you do?
> [Flora] Well, I got down in my van and proceeded to go back up onto the lot because I didn't know what to do.

3

Record at 676-77. Neither Flora nor his van was hit, and no bullets were ever found. Although Flora stated at trial that he did not see and was "not sure" which of the two men shot at him, record at 681, he testified that he gave a statement to police within about an hour of the shooting in which he identified Crenshaw as the person who shot at him. As the defendant and Crenshaw attempted to flee, they successively encountered two police officers and fired shots at each officer.

*Bethel v. State*, 730 N.E.2d 1242, 1244-45 (Ind. 2000).

On March 7, 1991, the State charged Bethel with four counts of Class B felony attempted robbery and four counts of Class A felony attempted murder, and alleged that Bethel was a habitual offender. Following trial, Bethel was convicted as charged, and was sentenced to an aggregate 120-year term of imprisonment. In Bethel's direct appeal, the Indiana Supreme Court held that the evidence was insufficient to sustain two of the attempted murder convictions and, as a result, revised Bethel's sentence accordingly, leaving Bethel with an aggregate 102-year term of imprisonment. *Id*. at 1246-47.

On January 29, 2001, Bethel filed a petition for post-conviction relief ("PCR"). It appears that Bethel subsequently filed numerous amended PCR petitions. The post-conviction court conducted an evidentiary hearing on Bethel's PCR petition on November 11, 2010. During the evidentiary hearing, Bethel, by counsel, indicated that he was pursuing two claims on PCR. Specifically, Bethel claimed that the trial court erroneously admitted a portion of the 911 call relating to the underlying crimes into evidence and that the habitual offender finding was based upon an improper prior felony conviction. Bethel testified, and his counsel presented argument, in support of each of the above-stated claims. On March 2, 2012, the post-conviction court issued an order denying Bethel's request for PCR. This

4

appeal follows.

## DISCUSSION AND DECISION

Post-conviction procedures do not afford the petitioner with a super-appeal. *Williams v. State*, 706 N.E.2d 149, 153 (Ind. 1999). Instead, they create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules. *Id.* "If an issue was known and available, but not raised on direct appeal, it is waived." *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001) (citing *Rouster v. State*, 705 N.E.2d 999, 1003 (Ind. 1999)). A petitioner who has been denied post-conviction relief appeals from a negative judgment and, as a result, faces a rigorous standard of review on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001); *Collier v. State*, 715 N.E.2d 940, 942 (Ind. Ct. App. 1999), *trans. denied*.

Post-conviction proceedings are civil in nature. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). Therefore, in order to prevail, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Stevens*, 770 N.E.2d at 745. When appealing from the denial of a PCR petition, a petitioner must convince this court that the evidence, taken as a whole, "leads unmistakably to a conclusion opposite that reached by the post-conviction court." *Stevens*, 770 N.E.2d at 745. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v.*

5

*State*, 810 N.E.2d 674, 679 (Ind. 2004). We therefore accept the post-conviction court's findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. *Id*.

In the instant matter, Bethel claims on PCR that the trial court erroneously admitted the 911 call and that the habitual offender finding was based upon an improper prior felony conviction. Bethel has not framed either claim under the guise of ineffective assistance of counsel, but rather as freestanding challenges. Both of these claims were available to Bethel as issues for direct appeal. Bethel, however, chose not to raise either issue in his direct appeal. As such, Bethel has waived these issues and, as a result, is barred from raising the issues as freestanding claims on PCR. *See Baer v. State*, 942 N.E.2d 80, 90 (Ind. 2011) (providing that the petitioner was barred from bringing a freestanding claim on PCR because the claim raised by petitioner was available as an issue for direct appeal).[1]

The judgment of the post-conviction court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.

---

[1] We note that the State filed a motion to strike portions of Bethel's brief and supplemental appendix. Having concluded that Bethel waived the issues upon which his request for PCR is based, we deny the State's motion as moot in an order handed down on the same date as this memorandum opinion.