BRADFORD, Judge,
dissenting.
Because I do not believe that the trial court’s denial of Gallien’s petition for post-conviction relief was clearly erroneous, I respectfully dissent.
It is well-settled that post-conviction procedures do not afford the petitioner with a super-appeal. Williams v. State, 706 N.E.2d 149, 153 (Ind.1999). Instead, they create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules. Id. A petitioner who has been denied post-conviction relief appeals from a negative judgment and as a result, 'faces a rigorous standard of review on appeal. Dewitt v. State, 755 N.E.2d 167, 169 (Ind.2001); Collier v. State, 715 N.E.2d 940, 942 (Ind.Ct.App.1999), trans. denied.
Post-conviction proceedings are civil in nature. Stevens v. State, 770 N.E.2d 739, 745 (Ind.2002). Therefore, in order to prevail, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Stevens, 770 N.E.2d at 745. When appealing from the denial of a PCR petition, a petitioner must convince this court that the evidence, taken as a whole, “leads unmistakably to a conclusion opposite that reached by the post-conviction court.” Stevens, 770 N.E.2d at 745. “It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law.” Godby v. State, 809 N.E.2d 480, 482 (Ind.Ct.App.2004), trans. denied. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Fisher v. State, 810 N.E.2d 674, 679 (Ind.2004). We therefore accept the post-conviction court’s findings of fact unless they are clearly erroneous but give no déference to its conclusions of law. Id.
Whether the Post-Conviction Court Erred in Determining that Gallien Did Not Receive Ineffective Assistance of Trial Counsel
Gallien sought post-conviction relief claiming that he received ineffective assis *311 tance of his appellate counsel. The right to effective counsel is rooted in the Sixth Amendment to the United States Constitution. Taylor v. State, 840 N.E.2d 324, 331 (Ind.2006). “ ‘The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel’s playing a role that is critical to the ability of the adversarial system to produce just results.’ ” Id. (quoting Strickland v. Washington, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “The benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper function of the adversarial process that the trial court cannot be relied on as having produced a just result.” Strickland, 466 U.S. at 686,104 S.Ct. 2052.
The standard of review for a claim of ineffective assistance of appellate counsel is the same as for trial counsel in that the defendant must show appellate counsel was deficient in her performance and that the deficiency resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bieghler v. State, 690 N.E.2d 188, 192-93 (Ind.1997). To satisfy the first prong, the petitioner must show that counsel’s performance was deficient in that counsel’s representation fell below an objective standard of reasonableness and that counsel committed errors so serious that petitioner did not have the “counsel” guaranteed by the Sixth Amendment. McCary v. State, 761 N.E.2d 389, 392 (Ind.2002). To show prejudice, the petitioner must show a reasonable probability that but for counsel’s errors the result of the proceeding would have been different. Id.
Ineffective assistance of appellate counsel claims generally fall into three basic categories: (1) denial of access to an appeal; (2) waiver of issues; and (3) failure to present issues well. Fisher v.
consider the totality of an attorney’s performance to determine whether the client received constitutionally adequate assistance ... [and] should be particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel’s choice of some issues over others was reasonable in light of the facts of the case and the precedent available to counsel when that choice was made.
Id. Ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. Id. at 193. One reason for this is that the decision of what issues to raise is one of *312 the most important strategic decisions to be made by appellate counsel. Id.
Reed v. State, 856 N.E.2d 1189, 1195-96 (Ind.2006).
Gallien claims that his appellate counsel was ineffective for failing to argue on direct appeal that his sentence should have been capped at ten years because his criminal acts constituted a single episode of criminal conduct. Indiana Code section 35-50-l-2(c) provides that:
except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10 (before its repeal) to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.
An episode of criminal conduct “means offenses or a connected series of offenses that are closely related in time, place, and circumstance.” Ind.Code § 35-50-l-2(b). Whether a series of acts constitute a single episode of criminal conduct is a fact-intensive inquiry. See Schlichter v. State, 779 N.E.2d 1155, 1157 (Ind.2002).
It is of note that this court has issued a large number of seemingly inconsistent, opinions regarding what constitutes a single episode of criminal conduct, some of which would tend to indicate that Gallien’s actions might be found to constitute a single episode of criminal conduct on appeal. As such, I must agree with the majority that the question of whether Gallien’s actions constituted a single episode of criminal conduct, which would limit his potential sentence to ten years rather than the sixteen imposed by the trial court, was significant and obvious from the face of the record. Further, in light of the damage caused by Gallien’s actions and Gallien’s criminal history, such an argument would arguably have been stronger, if not clearly stronger, that the appropriateness challenge raised by appellate counsel on direct appeal. However, even if appellate counsel’s failure to raise this issue on direct appeal amounted to deficient performance, I do not believe that the post-conviction record demonstrates that Gallien established that he was prejudiced by the allegedly deficient performance.
In Reynolds v. State, 657 N.E.2d 438 (Ind.Ct.App.1995), we concluded that the robbery of three homes on the same day did not constitute a single episode of criminal conduct. In Reynolds, the defendant and a companion broke and entered into one home, stole items, and left. Id. at 441. The duo then broke and entered another home on another street, stole property from that residence, and left. Id. The defendant and his companion then went to another home and were in the process of taking property therefrom when they encountered a deputy who ordered them to stop. Id. The trial court determined that each robbery constituted a separate episode of criminal conduct. Id. Upon appeal, we determined that it was within the trial court’s discretion to do so. Id.
In the instant matter, Gallien and his companions broke into a Goodwill store in Floyds Knobs and stole money and a moving dolly. Gallien and his companions then drove over four miles to a tavern in Galena. After arriving at the tavern, Gallien and his companions broke into the tavern and stole an automated teller machine, a change machine, and additional money. These facts, similar to the facts presented in Reynolds, depict two completely separate thefts. Notably, this is not a situation where Gallien and his companions broke into neighboring houses or businesses. Instead, this is a situation where Gallien and *313 his companions committed one robbery, drove to another location over four miles away from the first location, and committed a second robbery. Based on these facts, I do not believe that there was a reasonable probability that a reviewing panel of this court would have accepted the argument that Gallien’s actions constituted a single episode of criminal conduct. As such, I would conclude that Gallien failed to demonstrate prejudice, ie., a reasonable probability that but for counsel’s errors the result’ of the proceeding would have been different. I would therefore conclude that the trial court’s determination that Gallien failed to prove that he suffered ineffective assistance of appellate counsel was not clearly erroneous and would vote to affirm the judgment of the post-conviction court.